IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANDREW SALCIDO,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>NGUYEN NGUYEN,<br><br>　　　　Defendant. | Case No. 24-cv-00013-DKW-RT<br><br>**ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**[1] |

　　　　On January 9, 2024, Plaintiff Andrew Salcido, proceeding *pro se*, filed a Complaint against Defendant Nguyen Nguyen, raising claims of malicious prosecution, defamation, and abuse of process.  Dkt. No. 1.  That same day, Salcido additionally filed an application to proceed *in forma pauperis* ("IFP Application").  Dkt. No. 2.

　　　　Pursuant to 28 U.S.C. § 1915(a)(1), federal courts may authorize the commencement of suit without prepayment of fees or securities by a person who submits an affidavit demonstrating the inability to pay.  Although Section 1915(a) does not require an IFP applicant to demonstrate absolute destitution, *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948), he must nevertheless

---

[1] Pursuant to Local Rule 7.1(d), the Court elects to decide this matter without a hearing.

"allege poverty with some particularity, definiteness, and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quotation marks and citations omitted). The affidavit is sufficient where it alleges that the applicant "cannot pay the court costs and still afford the necessities of life." *Id.* (citing *Adkins*, 335 U.S. at 339); *see* 28 U.S.C. § 1915(a)(1).

Here, Salcido has failed to make the requisite showing under Section 1915(a). In his IFP Application, Salcido alleges that his gross pay is $3,737.85 per month. Dkt. No. 2 at 1. In addition, he has $2,000 in cash or in a checking or savings account. *Id.* at 2. His regular monthly expenses total $2,550, including: $940 for his mortgage, $420 for HOA fees, $770 for car payments, and $420 in personal loans. *Id.*

In light of these figures, the Court finds that Salcido's financial circumstances do not indicate that he lacks the ability to pay the $405 filing fee for this action while still being able to afford the necessities of life. Although Salcido does not provide his take-home pay, after subtracting his alleged monthly expenses of $2,550 from his gross pay of $3,737.85, he still has $1,187.85 left each month to cover any necessities of life. This constitutes a significant positive monthly cash flow. Further, Salcido has an additional $2,000 in cash or in a checking or savings accounts which alone would cover the filing fee. Finally, the other indicia Salcido offers—namely, that he has a mortgage on a property that evidently charges $420

per month in HOA fees and that he has elected to purchase vehicles that have left him with $770 per month in car payments—strongly suggest his ability, not inability, to meet this Court's filing fee requirements.  The IFP Application, Dkt. No. 2, is accordingly DENIED.

Salcido may have until **January 31, 2024** to pay the required filing fee.  The Court cautions Salcido that failure to pay the fee by that date will result in the automatic dismissal of this action without prejudice and without further notice.

IT IS SO ORDERED.

DATED: January 11, 2024 at Honolulu, Hawai'i.

_____
Derrick K. Watson
United States District Judge

---

*Andrew Salcido v. Nguyen Nguyen*; Civil No. 24-00013 DKW-RT; **ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES OR COSTS**