IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAIʻI

| | |
|---|---|
| ANDREW SALCIDO,<br><br>    Plaintiff,<br><br>vs.<br><br>NGUYEN NGUYEN,<br><br>    Defendants. | Case No. 24-cv-00013-DKW-RT<br><br>**ORDER DISMISSING CASE** |

On January 9, 2024, Plaintiff Andrew Salcido, proceeding *pro se*, brought a Complaint against Defendant Nguyen Nguyen for malicious prosecution, defamation, and abuse of process. Dkt. No. 1. Salcido also filed an application to proceed *in forma pauperis* ("IFP Application"). Dkt. No. 2.

On January 11, 2024, the Court issued an Order determining that Salcido had the financial means to pay the $405 filing fee and denying Salcido's IFP Application on those grounds. Dkt. No. 4. Therein, Salcido was cautioned that failing to pay the $405 filing fee by January 31, 2024 would result in the automatic dismissal of his case without prejudice or further notice. *Id.* at 3. Because this deadline has now passed without the Court having received the required filing fee, this case is dismissed without prejudice, as more fully explained below.

Federal courts have the authority to dismiss cases for failure to prosecute or failure to comply with court orders. *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th

Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.3d 1258, 1260–61 (9th Cir. 1992)).  In doing so, the Court must weigh five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."  *Id.*  Here, after careful consideration of each factor, the Court finds that this case should be dismissed without prejudice.

First, by failing to pay the requisite filing fee pursuant to the January 11, 2024 Order, Salcido has delayed resolution of this case on the merits and hindered the public's interest in the expeditious resolution of litigation.  This factor therefore favors dismissal.  *See Yourish v. California Amplifier*, 191 F.3d 983, 990 (9th Cir. 1999) ("the public's interest in expeditious resolution of litigation always favors dismissal.").

Second, Salcido's failure to remit the filing fee also hinders the Court's ability to manage its docket.  Simply put, unless and until he does so, this action cannot proceed, thereby limiting the Court's ability to manage its docket.  Accordingly, this factor also favors dismissal.

Third, Salcido's failure to pay the filing fee in a timely manner risks prejudice to Defendant Nguyen.  The Ninth Circuit has explained that the risk of prejudice is related to the plaintiff's reason for failing to prosecute an action.

*Pagtalunan*, 291 F.3d at 642 (citing *Yourish*, 292 F.3d at 991). Here, Salcido has neither sought an extension to pay the filing fee, nor provided any excuse or rationale for his failure to do so. Given his unreasonable delay, this factor, therefore, weighs in favor of dismissal. *See id.* at 643.

Fourth, the Court has already provided Salcido with less drastic alternatives to no avail. Specifically, the Court's January 11, 2024 Order explicitly informed Salcido that he was required to pay the $405 filing fee, and warned him that failure to do so by the January 31, 2024 deadline would result in the automatic dismissal of his case. Dkt. No. 4. Nevertheless, Salcido failed to comply. As this action cannot proceed without payment of the filing fee, this factor favors dismissal. *See Ferdik*, 963 F.2d at 1262 (explaining "a district court's warning to a party that his failure to obey the court's order will result in dismissal can satisfy the 'consideration of alternatives' requirement." (citations omitted)).

Finally, as public policy favors disposing of cases on their merits, this factor weighs against dismissal. *Pagtalunan*, 291 F.3d at 643.

In sum, as four out of five factors favor dismissal, this case is DISMISSED WITHOUT PREJUDICE for failure to remit the filing fee pursuant to the Court's January 11, 2024 Order. *See Ferdik*, 963 F.2d at 1263 (finding dismissal warranted where three out of five factors weighed in favor of dismissal); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 133 n.2 (9th Cir. 1987) (finding that where the

other four factors favor dismissal, they are not outweighed by public policy favoring the resolution of cases on their merits); *see also Ash v. Cvetkov*, 739 F.2d 493, 497 (9th Cir. 1984) ("dismissal without prejudice is a more easily justified sanction for failure to prosecute.").

The Clerk of Court is directed to CLOSE this case.

IT IS SO ORDERED.

DATED: February 7, 2024 at Honolulu, Hawaiʻi.

Derrick K. Watson
Chief United States District Judge

---

*Andrew Salcido v. Nguyen Nguyen*; Civil No. 24-00013 DKW-RT; **ORDER DISMISSING CASE**